Considered by GREEN and ARUNDELL.

---

WILLIAM F. B. KOELLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6093.   Promulgated August 1, 1927.

On the evidence *held* that the amount of $25,000, being the amount accepted by the petitioner in settlement of certain claims against his brother, was not received in the year 1923.

*Charles S. Rockey*, *C. P. A.*, for the petitioner.
*W. H. Lawder*, *Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income tax asserted by the respondent in the amount of $2,316.12 for the calendar year 1923. The sole issue raised by the pleadings is whether the amount of $25,000, being the amount accepted by the petitioner in settlement of certain claims hereinafter described, was received in the year 1923 as determined by the respondent.

FINDINGS OF FACT.

The petitioner is an individual residing in Philadelphia, Pa., and is an architect by profession.

About the year 1916 the petitioner's brother, Clifford Koelle, invested $5,000 in an automobile agency known as the Koelle-Greenwood Co., Germantown, Pa., which business was operated and managed by him. Of the amount of $5,000 invested by Clifford Koelle, the petitioner had furnished him with $2,500. The petitioner and his brother had an oral agreement, the nature of which is not disclosed, as to the distribution of the profits derived from the business.

In the latter part of the year 1919, the petitioner demanded of his brother that an accounting of the profits arising from the Koelle-Greenwood Co. be made, and that the petitioner be paid the amount to which under the oral agreement he might be entitled. Clifford Koelle denied that the petitioner was entitled to participate in the profits of the business and litigation ensued. In the year 1923, the Common Pleas Court of Philadelphia County, Penn-

sylvania, handed down a decision in which that court held that the petitioner was entitled to share in the profits of the Koelle-Greenwood Co. in the proportion which the capital contributed by him bore to the total capital of the company. The court, however, did not determine the amount to be paid to the petitioner pursuant to its judgment.

On or about December 29, 1923, the petitioner and his brother, through their attorneys, entered into an agreement whereby it was agreed that the petitioner would accept $25,000 as the final and full settlement of all claims to profits derived from the operation of and his original investment of $2,500 in the Koelle-Greenwood Co. Pursuant to this agreement the attorneys for Clifford Koelle on January 7, 1924, transmitted by mail a check for $25,000 drawn to the order of G. C. Ladner, Esq., as attorney for the petitioner. On January 11, 1924, G. C. Ladner, Esq., transmitted to the petitioner a check for $20,000 having deducted the amount of $5,000 as a fee for services rendered and court costs in the litigation between the petitioner and his brother. Subsequently, the petitioner's attorney refunded something less than one thousand dollars on account of the fee charged by him.

The Commissioner determined that the settlement made by and between Clifford Koelle and the petitioner, was completed in the year 1923, and that the petitioner's attorney, as agent for the petitioner, received the amount of $25,000 in the year 1923. Accordingly, the Commissioner asserted a deficiency in tax for that year in the amount of $2,316.12.

During the year 1923, the petitioner kept his books of account on a cash receipts and disbursements basis.

OPINION.

LOVE: As set out in the findings of fact, the check for $25,000 given in settlement of the petitioner's claim against his brother, did not reach the petitioner's attorney until January 7, 1924. Obviously, therefore, the respondent erred in including any part of that amount as income for the year 1923.

A copy of the deficiency notice was not attached to the petition herein, nor was it introduced in evidence at the hearing. Consequently, we are unable to determine the deficiency, if any, for the year 1923.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by SMITH and LITTLETON.